UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA | **PROTECTIVE ORDER** |
| v. | |
| NASIR COOPER, | 22 Cr. 294 (KPF) |
| Defendant. | |

Upon the application of the United States of America, by Assistant United States Attorney Jacob R. Fiddelman, of counsel, and with the consent of the defendant, Nasir Cooper, through counsel, for an order limiting the dissemination of certain discovery materials produced in connection with the above-captioned case, which contain sensitive information, it is hereby ORDERED that:

1. **Disclosure Material**.  The Government has made and will make disclosure to the defendant of documents, objects and information, including electronically stored information, pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases (the "Disclosure Material").  The Disclosure Material will include material that (i) affects the privacy and confidentiality of individuals; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and/or (iv) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. Disclosure Material shall not be disclosed by the defendant or defense counsel, including any successor counsel (collectively, "the defense") other than as set forth herein, and shall be used by the defense solely for the purpose of defending this criminal action.  The defense shall not post any disclosure material on any internet site or network site to which persons other

than the parties hereto have access and shall not disclose any Disclosure Material to the media or any third party except as set forth below.

3. **Sensitive Material.** Certain parts of the Disclosure Material are expected to contain information that identifies, or could lead to the identification of, victims or witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein; or information regarding certain undercover law enforcement personnel engaged in ongoing operations (collectively, "Sensitive Material"). Any such material will be stamped or otherwise clearly marked "SENSITIVE" by the Government. The Government's designation of material as Sensitive Material will be controlling absent contrary order of the Court.

4. Sensitive Material must be maintained solely in the possession of defense counsel and personnel for whom defense counsel is directly responsible (*i.e.*, employed by or retained by counsel). Sensitive Material may be reviewed by the defendant only in the presence of counsel, and the defendant may not retain or possess Sensitive Material.

5. **Attorneys' Eyes Only Material.** In order to balance the interest of timely production to defense counsel with the interest of protection of witness safety and privacy, certain Sensitive Material may be produced on an "Attorneys' Eyes Only" basis ("AEO Material"). Any documents or portions of documents designated AEO Material may be reviewed and discussed only by counsel to the parties in this matter (or anyone working under their direction) or the Court. Upon production of AEO Material, the Government will identify the date, if applicable, that such designation will be lifted such that the material reverts to Sensitive Material, *i.e.*, when if at all it may be shared with the defendant. The Government's designation of material as AEO Material will be controlling absent contrary order of the Court.

6. Any party wishing to file Sensitive Material or AEO Material with the Court for any reason shall, after consultation with the opposing party, seek authorization from the Court to file any such material under seal. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

7. The defense may disseminate Disclosure Material that is not Sensitive Material only to the defendant, defense counsel, investigative, secretarial, clerical, and paralegal personnel employed full-time or part-time by defense counsel, independent expert witnesses, investigators, or advisors retained by defense counsel in connection with this action, and other prospective witnesses and their counsel, to the extent deemed necessary by defense counsel, for the purpose of defending this criminal action, and such other persons as hereafter may be authorized by the Court upon motion by the defendant.

8. The Government may authorize, in writing, disclosure of any Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

9. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution, and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney

by: _____          Date:   __7/14/22_____
Jacob R. Fiddelman
Elizabeth A. Espinosa
Assistant United States Attorneys

                                                                               7.14.22
_____          Date:   _____
Jeffrey Pittell, Esq.
Counsel for Nasir Cooper

```
This confidentiality agreement does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.
```

SO ORDERED.

Dated: New York, New York
       July 14, 2022

_____
HONORABLE KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE